IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| SYMBOLOGY INNOVATIONS LLC | § |
| | § |
| Plaintiff, | § CIVIL ACTION NO. |
| | § |
| v. | § JURY TRIAL DEMANDED |
| | § |
| PUBLIX SUPER MARKETS, INC. | § |
| | § |
| Defendant. | § |

## COMPLAINT FOR PATENT INFRINGEMENT

COMES NOW, Plaintiff Symbology Innovations LLC ("Symbology" or Plaintiff), through the undersigned attorneys, and respectfully alleges, states, and prays as follows:

### NATURE OF THE ACTION

1.  This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin defendant Publix Super Markets, Inc., (hereinafter "Defendant"), from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or of the consent from Symbology, from U.S. Patent No. 8,936,190 (the "'190 patent", attached hereto as Exhibits A) pursuant to 35 U.S.C. § 271, and to recover damages, attorney's fees, and costs.

### THE PARTIES

2.  Plaintiff Symbology is a Texas company with its principal place of business at 1400 Preston Road, Suite 400, Plano, TX 75093.

3.  Upon information and belief, Defendant is a corporation organized under the laws of Florida, having a principal place of business 3300 Publix Corporate Pkwy, Lakeland, Florida 33811. Upon information and belief, Defendant may be served with process at the same address.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) because the action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

5. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction, including having branches and employees in Florida, as well as because of the injury to Symbology, and the cause of action Symbology has risen, as alleged herein.

6. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Florida Long Arm Statute, Fla. Stat. § 48.193, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Florida and in this judicial district.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) because Defendant resides in this District, and/or has committed acts of infringement and has a regular and established place of business in this District.

## FACTUAL ALLEGATIONS

8. The written description for the '190 patent indicates that electronic devices at the time of the invention could be enhanced with software applications to enable the information retrieval procedures described by the '190 patent.

9. Accordingly, the combination of steps and/or functionalities—as embodied for example in claim 1—resulted in the enhancement or improvement of electronic devices at the time of the invention.

10. On January 20, 2015, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '190 patent, titled "System and method for presenting information about an object on a portable electronic device" after a full and fair examination.

11. Symbology is presently the owner of the patent, having received all right, title and interest in and to the '190 patent from the previous assignee of record. Symbology possesses all rights of recovery under the '190 patent, including the exclusive right to recover for past infringement.

12. The '190 patent contains three independent claims and seventeen dependent claims. Defendant uses, inter alia, methods that perform all the steps recited in at least one claim of the '190 patent.

13. The invention claimed in the '190 patent comprises a method for enabling a portable electronic device to retrieve information about an object when the object's symbology is detected.

14. The Notice of Allowance for the patent application that resulted in the '190 patent —dated September 15, 2014— indicates that the prior art of record, taken alone, or in combination with any other prior art, fails to teach or fairly suggest the specific features recited in the claims of the '190 patent.

## INFRINGEMENT OF THE '190 PATENT

15. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 14.

16. In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '190 patent

17. Defendant has had knowledge of infringement of the '190 patent at least as of the service of the present complaint.

18. On information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '190 patent by using and/or incorporating Quick Response Codes (QR codes) into products in a manner covered by one or more claims of the '190 Patent, and upon doing so, performing all of the steps of at least Claim 1 of the '190 patent upon internally testing said QR Codes with an electronic device capable of both reading the QR Code and performing the steps set forth in Claim 1. Defendant has infringed and continues to infringe the '190 Patent in violation of 35 U.S.C. § 271.

19. On information and belief, Defendant has, at least through internal testing, used or incorporated QR codes into products, associating such QR codes with products and/or services. One specific example of Defendant's activity involves the use of QR codes on packaging associated with Defendant's products/services.

20. For example, on information and belief, Defendant has at least internally tested the functionality of its QR codes in connection with its products. On information and belief, Defendant has captured a digital image of a QR code associated with its product, an example of which is shown below.



21.     On information and belief, at least through internal testing, Defendant has used a digital image capturing device of an electronic device, such as the camera component of a smart phone for example, to capture a digital image of the QR code associated with its products/services.

22.     On information and belief, Defendant's capture of the digital image is processed by scanning technology loaded onto the electronic device.  The scanning technology detects symbology (for example, a pattern within the QR code) associated with the digital image (for example, the QR code on the packaging of the product in the image).  On information and belief the scanning technology is used to decode the symbology to obtain a decode string.  The decode string is sent to a remote server for further processing.  Based on the decode string, the remote server sends information associated with the QR code, which is received by the user of the electronic device and displayed on a display associated with the electronic device.

23. For example, if a user scans a QR code associated with Defendant's product, scanning technology decodes the pattern of the QR code to obtain a decode string and sends the decode string to a remote server. The server returns information associated with the QR code. In this example, the information received by the user and displayed on the electronic device is information related to Defendant's products/services, and includes a website providing additional information about the product/service as shown below.



24. By engaging in the conduct described herein, Defendant has injured Symbology and is thus liable for infringement of the '190 patent, pursuant to 35 U.S.C. § 271.

25. Defendant has committed these acts of infringement without license or authorization.

26. As a result of Defendant's infringement of the '190 patent, Symbology has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

27. Symbology will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Symbology is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

## DEMAND FOR JURY TRIAL

28. Symbology demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Symbology prays for the following relief:

a. That Defendant be adjudged to have directly infringed the Patents-In-Suit either literally or under the doctrine of equivalents;

b. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the 'Patents-In-Suit;

c. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Symbology for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

d. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

  e. That Defendant be directed to pay enhanced damages, including Symbology's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

  f. That Symbology have such other and further relief as this Court may deem just and proper.

Dated: October 4, 2018      Respectfully Submitted,

             By: */s/Sonia Colon*
             Sonia Colon
             USDC No. 0050475
             **Ferraiuoli LLC**
             Bank of America Bldg.
             390 N. Orange Avenue
             Suite 2300
             Orlando, FL 32801
             Telephone: (787) 766-7000
             Facsimile: (787) 766-7001
             Email: scolon@ferraiuoli.com

             **ATTORNEYS FOR PLAINTIFF**
             **SYMBOLOGY INNOVATIONS LLC**